_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**February 17, 2012**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| IN RE: ) | Case No.11-19087-MKN |
| ) | |
| CAROL EINHORN, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| CAROL ANN EINHORN and ) | ADV. NO.: 11-01246-mkn |
| ARTHUR EINHORN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Date: January 11, 2011 |
| ) | Time: 9:30 a.m. |
| BANK OF AMERICA formerly ) | |
| COUNTRYWIDE HOME LOANS, INC., a ) | |
| foreign corporation; US BANK NATIONAL ) | |
| ASSOCIATION, a foreign corporation; ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SERVICE, a foreign ) | |
| corporation; and DOE CORPORATIONS 1- ) | |
| 10, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON OMNIBUS MOTION TO DISMISS MULTIPLE BAD FAITH ADVERSARY COMPLAINTS AND REQUEST FOR ATTORNEY'S FEES**[1]

On January 11, 2011, the Omnibus Motion to Dismiss Multiple Bad Faith Adversary

---

[1] In this Order, all references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 et seq. unless otherwise indicated. All references to "FRCP" are to the Federal Rules of Civil Procedure. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

Complaints and Request for Attorney's Fees brought by U.S. Bank, National Association, as Trustee for the Certificate Holders of LXS 2006-16N Trust Fund, its assignees and/or successors in interest ("USB"), came on for hearing before the court. The appearances of counsel were noted on the record. After arguments were presented, the matter was taken under submission.

On June 9, 2011, Carol Ann Einhorn ("Debtor") filed a voluntary Chapter 7 bankruptcy petition. The case was assigned for administration to Joseph B. Atkins as Chapter 7 trustee ("Trustee"). On October 10, 2006, Debtor's husband Arthur Einhorn purchased certain real property – identified as 5250 S. Rainbow Blvd. Unit #1045, Las Vegas, NV 89118, APN 163-26-214-08 ("Property") – through a secured loan from Countrywide Home Loans, Inc. ("Countrywide"). The associated promissory note and deed of trust were purportedly transferred to Bank of America ("BOA"). The Property is listed on the Debtor's Schedule "A" but is not claimed as exempt.

On September 12, 2011, Debtor and her husband ("Plaintiffs") filed the above-captioned adversary proceeding against BOA, USB and Mortgage Electronic Registration Service ("MERS"). The complaint challenges the validity of the purported transfer of the interest in the promissory note and deed of trust. The challenge is framed as a claim seeking a declaration that the promissory note is unsecured and a claim quieting title to the Property solely in the name of the Plaintiffs.

On November 14, 2011, USB filed the Omnibus Dismissal Motion under FRCP 12(b)(6) asserting that the Complaint fails to state a claim for which relief may be granted. On December 8, 2011, Plaintiffs filed opposition asserting that USB does not have standing to seek dismissal because it is not the defendant named in the Complaint.

Plaintiffs' response to USB's appearance in this proceeding is absurd at best and misses the entire point of a quiet title action. The Complaint supposedly seeks a declaration that only the Plaintiffs have an interest in the Property, but the one party who actually has responded to the Complaint supposedly has no standing to appear. By denying USB standing to seek dismissal,

2

1 Plaintiffs essentially achieve the result they ultimately seek.  If their approach is followed, then arguably Plaintiffs would never be able to provide adequate notice of the very relief they seek and any judgment would be ineffective.

More important, it is clear that Plaintiffs rather than USB are the party who lacks standing to pursue the claims, if any, set forth in the Complaint.  Plaintiffs' alleged claim against BOA, USB and MERS, if any, arose before the commencement of this Chapter 7 proceeding and constitutes property of the bankruptcy estate.  See Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 707-08 (9th Cir. 1986).  The claim was not disclosed on the Debtor's personal property Schedule "B" nor was the Property claimed as exempt.  The claim also was not scheduled in the bankruptcy filed by the Debtor's husband and remains property of the husband's estate.  See In re JZ L.L.C., 371 B.R. 412, 419 (B.A.P. 9th Cir. 2007), citing Wood v. Household Finance Corp., 341 B.R. 770 (W.D. Wash 2006).  The Trustee has not affirmatively abandoned the estate's interest in the claim or the Property.  Nor has an administrative abandonment occurred pursuant to Section 554(c).  Both the claim and the Property therefore are property of the Debtor's bankruptcy estate.

Plaintiffs' commencement of the adversary proceeding without authorization of the Trustee or the court therefore violated the automatic stay.  While a debtor's interference or transfer of estate property arguably should be addressed by a demand under Section 549(a), Debtor's husband clearly violated the automatic stay as he is not the debtor in this bankruptcy case.  As to him, his act of filing the adversary proceeding is void ab initio.  See Rein v. Providian Corp., 270 F.3d 895, 904 (9th Cir. 2001).

Under these circumstances, it is the Plaintiffs who are improperly before this court: Plaintiffs never should have filed the adversary complaint because the asserted claims, if any, belong to the Trustee.

**IT IS THEREFORE ORDERED** that the above-captioned adversary proceeding be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all further hearings and conferences scheduled in

this adversary proceeding are **VACATED** from the court's calendar.

Copies sent through ECF to:

    H STAN JOHNSON sjohnson@cohenjohnson.com, shallquist@cjdlawgroup.com;bmorris@cjdlawgroup.com;cj@cohenjohnson.com;cgeiss@cjdlawgroup.com

    RONALD H REYNOLDS ron@reynoldslawyers.com, paula@reynoldslawyers.com

and sent VIA REGULAR MAIL to:

    BANK OF AMERICA
    100 N. TYRON STREET
    CHARLOTTE, NC 28255

    MERS
    C/O CARMELITA MARTIN
    1818 LIBRARY STREET, STE 300
    RESTON, VA 20190

# # #